Landon, J.
The administrator presented his petition to the surrogate under section 2706, Code Civ. Pro. The petition recited that the respondent had in his possession certain bonds and notes which were of the property of the deceased, which he ought to deliver to the administrator, but refused to do so. The respondent appeared in obedience to the citation issued by the surrogate and answered. Section 2710" provides, that if the person cited shall answer, “that he is the owner of said property, or is entitled to the possession thereof by virtue of any lien thereon, or special property therein, the surrogate shah dismiss the proceedings as to such property.” The respondent did not answer in this form, but his answer recited that the property in question was placed in his hands by the said Roger D. Wing, deceased, under an agreement between said Wing and himself, that deponent should hold the same as security for such advances as deponent should make to him; that the deponent at the same time agreed to make such advances, that he did make them, that Wing never repaid him; that deponent, as by the agreement it was provided he might, disposed of the property in the lifetime of Wing and applied the whole of the proceeds to his reimbursement, and that he has none of the property in his possession.
The surrogate thereupon dismissed the proceeding.
If the respondent’s right to such dismissal rested solely upon the statute, the appellant’s objection that he did not by his answer conform to its requirements, would have great force. But the amendment to section 2710, Code Civ. Pro., made in 1881, is obviously an attempt to codify, so far as they could be foreseen, the conditions under which a party, who denies or avoids the claim of right and title in the administrator, may assert his constitutional right to a trial by jury. This court, in the Matter of Beebe, 20 Hun, . 462, affirmed that right in a proceeding similar to this, instituted under chap. 394, Laws of 1870, the provisions of which act are embodied, with some modifications, in the Code Civ. Pro.
Mr. Throop in his note to section 2712, remarks that “ care has been taken to confine the decree to a determination of the possession.” In matter of Curry (25 Hun, 321), the party proceeded against by the administrators did not answer at all, but objected to the jurisdiction of the surrogate. The general term held that the surrogate had the *296 right to determine the mere question of possession, and that the statute went no further. The court said that it did not mean to suggest any doubt of the soundness of the case in 20 Hun. The adjudications, therefore, are to the effect that the surrogate has jurisdiction to determine the question, but not the question of title. If the respondent had the possession and claimed no right to withhold it from the administrator, a mere depositary without lien, the surrogate ought to have jurisdiction to compel its surrender. But here he asserts that he had possession with the right of disposition, which right he exercised. If the surrogate can only determine the respondent’s possession, and thereupon may make a decree for the surrender of the property to the administrator, in case no sufficient right to withhold the possession is asserted by the respondent, it is manifest that under the answer here interposed the surrogate has no jurisdiction of the issues necessary to be decided in order to decide whether the respondent should surrender the property.
Possibly it might be shown that the respondent had present possession, but there would remain to be ascertained whether he. had the hen; if so, then the amount of his advances; and then upon what terms he should surrender the property.
The order should be affirmed with costs and disbursements.
Bockes, P. J., concurs.